UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PARNIA PANDKHOU,<br><br>    Plaintiff,<br><br>    v.<br><br>THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, et al.,<br><br>    Defendants. | Case No. 21-cv-00700-JD<br><br>**ORDER RE MOTION TO DISMISS**<br><br>Re: Dkt. No. 35 |

The question posed in this insurance coverage dispute is whether the insured, Bahram Ahanin, is legally dead. Plaintiff Parnia Pandkhou, his wife and the beneficiary of his life insurance policies, says that he is. Defendants Prudential Insurance Company and Pruco Life Insurance Company say that he is not, and have declined to pay the policy benefits of approximately $7,500,000. Pandkhou has sued under California state law for breach of contract and breach of the implied covenant of good faith and fair dealing. Dkt. No. 1.

Defendants ask to dismiss the complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Dkt. No. 35; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007). Defendants contend that a prior proceeding in the California Superior Court under California Probate Code § 204 concluded that Ahanin was not legally dead, and that Pandkhou is precluded from litigating the question here. Dismissal is denied.[1]

As alleged in the complaint, there is no record of anyone seeing Ahanin alive after July 29, 2015. Dkt. No. 1 ¶¶ 2, 46. Ahanin had three term life insurance policies through Prudential and

---

[1] The Court takes judicial notice of the Statement of Decision from the Probate Division of the Superior Court of California, County of Los Angeles, which neither side opposes. Dkt. No. 36-1, Exs. F, G.

Pruco. *Id.* ¶¶ 22-24. Pandkhou submitted a claim for life insurance benefits from Ahanin's policy on October 16, 2015. *Id.* ¶ 53. Prudential stated that it could not consider the claim because it lacked definitive information that Ahanin had died. *Id.* ¶ 64.

The dispute was initially litigated in the Probate Division of the Superior Court of California, County of Los Angeles, which concluded that Pandkhou had not shown by a preponderance of the evidence that Ahanin was more likely dead than not dead under California Probate Code § 204. Dkt No. 36-1, Ex. F. Pandkhou submitted another coverage demand to defendants in October 2020 based on the presumption under California Evidence Code § 667 that a person who has been missing for five years is dead, and a report by a private investigator she had hired that concluded Ahanin had died. Dkt. No. 1 ¶¶ 95-100.

A party may raise the affirmative defense of collateral estoppel, also known as issue preclusion, by way of a motion to dismiss under Rule 12(b)(6). *See Hilson v. Lopez*, Case No. 12-CV-06016-JD, 2014 WL 4380674, at *1 (N.D. Cal. Sept. 4, 2014). The Court applies California law to determine if Pandkhou is precluded from relitigating the issue of Ahanin's death on July 29, 2015. *Id.* A guiding precept is that the preclusion defense is not an opportunity for a lateral appeal of a state court judgment by a federal district court. "Issue preclusion prohibits the relitigation of issues argued and decided in a previous case, even if the second suit raises different causes of action." *DKN Holdings LLC v. Faerber*, 61 Cal.4th 813, 824 (2015).

Under California law, issue preclusion arises when: "(1) the issue is identical to an issue decided in a prior proceeding; (2) the issue was actually litigated in the prior proceeding; (3) the issue was necessarily decided in the prior proceeding; (4) the decision in the prior proceeding is final and on the merits; and (5) the party against whom preclusion is sought was a party to or in privity with a party to the prior proceeding." *Hilson*, 2014 WL 4380674, at *2. The party arguing for preclusion has the burden of demonstrating that each requirement is met. *See Hardwick v. County of Orange,* 980 F.3d 733, 740 (9th Cir. 2020).

Pandkhou does not dispute that the question of Ahanin's death was litigated between the same parties in a prior proceeding. Dkt. No. 38 at 7-8. Pandkhou's main contention is that there was not a sufficiently firm final judgment on the merits for preclusion purposes. *Id.*; Dkt. No. 39

2

at 2-3.  "A prior adjudication of an issue in another action may be deemed 'sufficiently firm' to be accorded preclusive effect based on the following factors: (1) whether the decision was not avowedly tentative; (2) whether the parties were fully heard; (3) whether the court supported its decision with a reasoned opinion; and (4) whether the decision was subject to an appeal."  *Border Business Park, Inc. v. City of San Diego*, 142 Cal.App.4th 1538, 1564-1565 (2006); *see also Mills v. City of Covina*, 921 F.3d 1161, 1169 (9th Cir. 2019).

A decision under California Probate Code § 204 is not part of the exhaustive list of appealable probate orders, and so cannot be appealed.  *See* Cal. Probate Code § 1300; *Estate of Stoddart*, 115 Cal.App.4th 1118, 1125-1126 (2004).  This is not necessarily fatal for defendants, although the Ninth Circuit has suggested in dicta that issue preclusion does not apply to an unappealable decision.  *See Dixon v. Wallowa Cnty.*, 336 F.3d 1013, 1020 (9th Cir. 2003); *Env't Prot. Info. Ctr., Inc. v. Pac. Lumber Co.*, 257 F.3d 1071, 1076 (9th Cir. 2001).  The § 204 hearing did not yield a conclusive ruling either way as to the fact of death.  *See* Cal. Probate Code § 204(b).  A lack of the presumption of death is not entirely equivalent to a presumption that Ahanin is alive.  Although the parties were heard and the Superior Court supported its decision with a reasoned opinion, ultimately, the burden is on the party asserting issue preclusion to establish that its requirements are met.  *See Hardwick*, 980 F.3d at 740.  This burden has not been met, and so Pandkhou is not precluded from bringing claims about whether Ahanin died on July 29, 2015.

Defendants are not entitled to dismissal on the alternative ground that Pandkhou "cannot establish due proof of death establishing that Ahanin died on July 29, 2015." Dkt. No. 35 at 18.  To start, this contention raises matters well outside the complaint, and so beyond the scope of Rule 12(b)(6) motion.  In addition, defendants rely primarily on an unpublished and out-of-circuit disposition construing Florida state law that is neither binding on the Court, nor particularly relevant.  *See* Dkt No. 35 at 19 (citing *Florida Tube Corp. v. MetLife Ins. Co. of Conn.*, 603 Fed. Appx. 904, 908 n.4 (11th Cir. 2015) (unpublished); *see also Doe v. Beat*, Case No. 20-cv-06822-JD, 2022 WL 1157494 at *1 (N.D. Cal. Apr. 19, 2022) (role of unpublished memorandum decision).  More germane here is that California law prohibits an insurance policy that "reserves discretionary authority to the insurer . . . to determine eligibility of benefits." Cal. Ins. Code §

10110.6.  California Evidence Code § 667 is the basis for some of Pandkhou's claims, but the complaint also contains other claims that, if true, could show reasonable proof of death.  *See, e.g.,* Dkt. No. 1 ¶¶ 98-104.  Consequently, Pandkhou has alleged enough to go forward.  *See Iqbal*, 556 U.S. at 678.

The parties are directed to schedule a case management conference for a date after October 1, 2022, and to file a joint case management statement as required under our local rules.

**IT IS SO ORDERED.**

Dated: July 13, 2022

JAMES DONATO
United States District Judge